FILED
08 MAR 25 PM 3:47
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDUSTRIAL METAL, S.A. DE C.V. a Baja California stock company,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SLABY ENVIRONMENTAL, INC., a California corporation; Robert Slaby, an individual; Deborah Fox Slaby, aka Deborah Fox, an individual; SLABY SALES, INC., a business association of unknown form; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No. 07-CV-1593 H (CAB)<br><br>**ORDER GRANTING JOINT MOTION FOR DISMISSAL WITH PREJUDICE OF THE ACTION**<br>**(Retaining Jurisdiction)** |

　　On March 7, 2008, plaintiff INDUSTRIAL METAL, S.A. DE C.V., a Baja California stock company ("Plaintiff") and defendants SLABY ENVIRONMENTAL, INC., Robert Slaby, Deborah Fox Slaby, and SLABY SALES, INC. (collectively, "Defendants") filed a joint motion to dismissal with prejudice of this action. Plaintiff and Defendants may be collectively referred to as "Parties" in this Order.

　　The Parties state that they have entered into a Settlement Agreement and General Release ("Settlement Agreement").

///

**Good cause appearing therefore, the Court hereby:**

**(A)** approves of the Parties' Settlement Agreement;

**(B)** incorporates in this Order all of the terms and conditions of the Settlement Agreement (attached as Exhibit 1 to this Order);

**(C)** retains jurisdiction over all disputes that may arise in the future regarding the Settlement Agreement, including its interpretation and enforcement;

**(D)** orders that United States Magistrate Judge Cathy A. Bencivengo (or her successor, if applicable) has plenary authority to decide all further disputes regarding the Settlement Agreement, including its interpretation and enforcement;

**(E)** orders that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a); and

**(F)** directs the Clerk of Court to include the following provision in the judgment to be entered in this action: "The Magistrate Judge shall retain jurisdiction over all disputes between and among the Parties arising out of the Settlement Agreement, including but not limited to interpretation and enforcement of the terms of the Settlement Agreement."

**IT IS SO ORDERED.**

DATED: 3/25/08

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

# Exhibit 1

# COMPROMISE SETTLEMENT AGREEMENT
# AND GENERAL RELEASE

## I. PARTIES

This Compromise Settlement Agreement and General Release ("**Agreement**") is entered into effective March 6, 2008, by and between plaintiff INDUSTRIAL METAL, S.A. DE C.V., a Baja California stock company ("**Plaintiff**") and defendants SLABY ENVIRONMENTAL, INC., Robert Slaby, Deborah Fox Slaby, and SLABY SALES, INC. (collectively, "**Defendants**").  It is understood that named defendant "SLABY SALES, INC." is merely a dba for co-defendant SLABY ENVIRONMENTAL, INC..

Plaintiff and Defendants may be collectively referred to as the "**Parties**" to this Agreement.  The effective date of this Agreement is March 6, 2008 ("**Effective Date**").

## II. PREAMBLE

The Parties have considered and agree that the intent of this Agreement is to end all claims, cross-claims, and counter-claims arising from, alleged in, or which could have been alleged as a result of Plaintiff's *Complaint* ("**Action**") filed against all named Defendants and DOES 1 through 50, inclusive, for alleged "Fundamental Breaches of Contract under the CISG; Fraud; and Deceit" and any and all claims related thereto ("**Disputes**").

On August 10, 2007, Plaintiff caused its *Complaint* in this Action to be filed as Case No. 07cv1593-H-CAB in the U.S. District Court for the Southern District of California.

The Parties understand, acknowledge, and agree that the execution of this Agreement constitutes the compromise of the Disputes, and nothing contained herein is to be construed as an admission of liability by Defendants.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 1 of 8-Page Settlement Agreement between
INDUSTRIAL METAL S.A. DE C.V. and SLABY ENVIRONMENTAL, INC., Mr. Slaby, & Ms. Slaby

Exhibit 1

## III. SETTLEMENT TERMS

### A. EXECUTION OF THE AGREEMENT

The Parties shall execute the Agreement. A Counterpart of this Agreement, bearing the original signatures of Robert Slaby, Deborah Fox Slaby, and a duly-authorized representative of SLABY ENVIRONMENTAL, INC. shall be delivered (by mail, by courier, or by personal delivery) to Plaintiff's counsel (Margarita Haugaard, HORTON, KNOX, CARTER & FOOTE, LLP, 1230 Columbia Street, Suite 550, San Diego, California, 92101).

### B. CONSIDERATION TO BE PAID TO PLAINTIFF

Defendants shall pay Plaintiff the sum of exactly sixty-five thousand U.S. dollars ($65,000.00) to be paid in three installments (**"Settlement Sum"**) as set forth below:

(1)   twenty-five thousand dollars ($25,000.00) to be wired on or before Monday, April 7, 2008 (wire-transfers are not available on Saturdays);

(2)   twenty-five thousand dollars ($25,000.00) to be wired on or before Monday, May 5, 2008; and

(3)   fifteen thousand dollars ($15,000.00) to be wired on or before Thursday, June 5, 2008.

Defendants shall make all Settlement-Sum payments by wire-transfer to Plaintiff's account in a bank located in California. Because of privacy concerns, Plaintiff's counsel will provide pertinent account-information to Defendants' counsel in a separate document.

### C. DISMISSAL WITH PREJUDICE BY PLAINTIFF

Plaintiff's counsel has caused proposed copies of a *Joint Motion for Dismissal With Prejudice of the Action* and a *proposed Order Granting Joint Motion for Dismissal With Prejudice of the Action* to be e-mailed to Defendants' counsel for their comments and approval.

The *Joint Motion for Dismissal* and *proposed Order Granting Joint Motion for Dismissal* shall dismiss with prejudice the Action in its entirety, and shall dismiss all of the Defendants (including DOES 1 through 50).

Once Defendants' counsel has approved the *Joint Motion for Dismissal* and *proposed Order Granting Joint Motion Dismissal*, both documents shall be submitted to the Court (the first by electronic filing, the second by e-mail to the Honorable Cathy A. Bencivengo for the signature of the Honorable Marilyn L. Huff).

Page 2 of 8-Page Settlement Agreement between
INDUSTRIAL METAL, S.A. DE C.V. and SLABY ENVIRONMENTAL, INC., Mr. Slaby, & Ms. Slaby

Exhibit 1

### D. REMEDIES IN THE EVENT OF DEFAULT

Plaintiff may elect to enforce this Agreement if any of the Defendants fail to honor their obligations hereunder, including their obligations to timely deliver the Settlement Sum. Plaintiff may bring a noticed motion to enforce the terms of this Agreement. Defendants agree that their defenses are limited to applicable defenses relating to payment of the Settlement Sum under the terms of this Agreement. Defendants waive any statute-of-limitations, laches, and/or waiver defenses relating to enforcement of this Agreement.

If Plaintiff elects to enforce this Agreement, *it shall be entitled to seek judgment thereon*, including judgment for the Settlement Sum, *plus* applicable interest at the maximum legal rate, *plus* applicable attorneys' fees, costs, and any other related expenses.

The Parties expressly agree that the Magistrate Judge of the U.S. District Court for the Southern District of California (the Honorable Cathy Ann Bencivengo, or her successor, if applicable) shall retain jurisdiction to enforce this Agreement. The Parties expressly consent to the jurisdiction of the U.S. District Court for the Southern District of California for purposes of interpreting and enforcing this Agreement, including entry of judgment and execution remedies.

### E. SERVICE RELATING TO ENFORCEMENT OF AGREEMENT

In order to effectuate the terms and intent of this Agreement, Defendants agree to accept service by first-class, postage-prepaid mail of any and all documents required to be served at the address set forth below. In accordance with federal law, service shall not be deemed complete until three (3) calendar days after the date of actual mailing.

Defendants agree for purposes of enforcing this Agreement that, if any of them were to default on their obligations under this Agreement, then service by first-class, postage-prepaid mail to SKAJA & DANIELS, LLP will constitute effective service.

If Plaintiff elects to bring a noticed motion to enforce this Agreement, it shall cause Defendants to be served by first-class, postage-prepaid mail at the following address (until and unless HORTON, KNOX, CARTER & FOOTE, LLP, as counsel for Plaintiff with relation to this Action, were to actually receive written notification of another address set forth in a *Notice to Court and Parties of New Address*, which shall have been filed with the Court and duly served).

> Robert Daniels, Esq.
> SKAJA & DANIELS, LLP
> 613 West Valley Parkway, Suite 200
> Escondido, CA 92025

Page 3 of 8-Page Settlement Agreement between
INDUSTRIAL METAL S.A. DE C.V. and SLABY ENVIRONMENTAL, INC., Mr. Slaby, & Ms. Slaby

Exhibit 1

## IV. RELEASE AND WAIVER

### A. RELEASES

Except for the rights and obligations created by the Agreement, the Parties, and each of them, hereby release and discharge the others, and each of their agents, attorneys, employees, lessees, predecessors, successors, assigns, and assignors, from all actions, causes of action, obligations, costs, expenses, attorneys' fees, damages, losses, claims, liabilities, and demands of whatsoever character, nature and kind, known or unknown, concerning the Disputes.

### B. WAIVER

Notwithstanding the fact that the releases set forth under this Agreement are special releases, the Parties waive, to the extent applicable, application of the provisions of California Civil Code Section 1542, which provides:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

The Parties acknowledge that the facts or law may later turn out to be other than as they assume them to be at the time they execute this Agreement, and notwithstanding such different circumstances, agree that such different state of facts or law shall not alter the binding effect of their releases.

## V. GENERAL PROVISIONS

### A. AUTHORITY

Each of the Parties has full rights, power, and authority to enter into this Agreement and to consummate any transactions contemplated herein. No other persons or entities are required to execute this Agreement on behalf of any of the Parties.

### B. NO TRANSFER

None of the Parties has transferred or assigned to any other person or entity any part of their respective rights set forth under this Agreement.

///

Page 4 of 8-Page Settlement Agreement between
INDUSTRIAL METAL S.A. DE C.V. and SLABY ENVIRONMENTAL, INC., Mr. Slaby, & Ms. Slaby

Exhibit 1

### C. COOPERATION

The Parties agree to do, or cause to be done, such other acts and things as may be reasonably requested by any Party to ensure that this Agreement is duly carried out by the Parties.

### D. ENTIRE AGREEMENT

This Agreement contains the entire agreement between the Parties relating to the subject matter contemplated herein. All prior or contemporaneous agreements, understandings, statements, and representations, oral or written, regarding the subject matter of this Agreement are merged into this Agreement.

### E. MODIFICATION AND SEVERABILITY

No modification, waiver, amendment, discharge, or change of this Agreement shall be valid unless it is in writing and signed by the Party against which the enforcement of such modification, waiver, amendment, discharge, or change is or may be sought.

If any term, covenant, or condition contained in this Agreement is held to be invalid or void by any court of competent jurisdiction, any such unenforceability shall in no way effect the validity or enforceability or any other term, covenant, or condition contained in this Agreement.

### F. SURVIVAL

All representations and warranties made or given by each of the Parties shall survive the execution and delivery of this Agreement. All covenants, promises and agreements that contemplate performance or forbearance made or given by each of the Parties, shall survive the execution and delivery of this Agreement.

### G. Successors and Assigns

All of the terms of this Agreement shall be binding upon, inure to the benefit of, and be enforceable by and against, the Parties and their respective heirs, legal representatives, successors, and assigns.

/ / /

/ / /

Page 5 of 8-Page Settlement Agreement between
INDUSTRIAL METAL S.A. DE C.V. and SLABY ENVIRONMENTAL, INC., Mr. Slaby, & Ms. Slaby

Exhibit 1

### H. Construction

Each of the Parties agrees that it has carefully reviewed this Agreement, and that any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Agreement or to any amendments or modifications to this Agreement, if any.

### I. Attorneys' Fees

If any Party reasonably engages an attorney for the purpose of enforcing this Agreement relating to any legal proceeding whatsoever, including without limitation arbitration, mediation, declaratory relief, or judicial litigation (**"Proceeding"**), the Prevailing Party *[see definition below]* shall additionally be entitled to receive from the other Party reimbursement for all attorneys' fees and legal costs, regardless of whether they are taxable or not.

> "Prevailing Party" means the Party determined by the court, administrative body, or applicable authority of the Proceeding to most nearly prevail and not necessarily the one in whose favor a judgment is rendered. If any Party brings a Proceeding, and the claims, actions, or demands thereunder are deemed to be contrary to, or unwarranted under the Agreement, "Prevailing Party" means the Party required to retain attorneys as a result of any claims, actions, or demands made by the Party who brought the Proceeding.

If procedures are available for awarding such fees and costs in the Proceeding, such reimbursement may be included in any judgment or final order issued in the Proceeding. Otherwise, a subsequent action may be instituted for the recovery of such fees; and the costs of such a subsequent action shall be recoverable in that subsequent action.

### J. VOLUNTARY CONSENT AND INFORMED AGREEMENT

Each of the Parties represents that in executing this Agreement each relies solely upon his/her/its own judgment, belief, and knowledge, and upon the advice and recommendations of his/her/its rights and claims. Each of the Parties further represents that they have entered into this Agreement voluntarily and without duress or coercion. Each of the Parties further represents that he/she/it has carefully read this Agreement and knows the contents thereof, and that he/she/it signs the same based on such information.

/ / /

/ / /

Page 6 of 8-Page Settlement Agreement between
INDUSTRIAL METAL S.A. DE C.V. and SLABY ENVIRONMENTAL, INC., Mr. Slaby, & Ms. Slaby

Exhibit 1

### K. FORUM

The sole forum for the resolution of any dispute relating to, or arising out of, this Agreement shall be the United States District Court for the Southern District of California, which retains jurisdiction over this Agreement.

### L. CAPTIONS

Captions in this Agreement are inserted for convenience of reference only. These captions do not define, alter, describe, or limit the scope or intent of this Agreement or any of its terms.

### M. COUNTERPARTS

This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original of the Agreement (**"Counterparts"**). These Counterparts shall together constitute one agreement. The execution of this Agreement by any of the Parties will not become effective until the Counterparts have been duly executed by all of the Parties. For purposes of expediting this Agreement, faxed signatures are deemed to be as valid as original signatures.

IN WITNESS WHEREOF, the undersigned have executed this Agreement as of the dates indicated below.

SLABY ENVIRONMENTAL, INC.

By: *Robert Slaby*
Title: President

Dated: March 7, 2008

Robert Slaby

By: *Robert Slaby*

Dated: March 7, 2008

Page 7 of 8-Page Settlement Agreement between
INDUSTRIAL METAL S.A. DE C.V. and SLABY ENVIRONMENTAL, INC., Mr. Slaby, & Ms. Slaby

Exhibit 1

**Deborah Fox Slaby**

_____  Dated: March 7, 2008
By:   Deborah Fox Slaby

INDUSTRIAL METAL, S.A. DE C.V.

_____  Dated: March___, 2008
By:   René Merienné
Title: Administrador Único (President)

Page 8 of 8-Page Settlement Agreement between
INDUSTRIAL METAL S.A. DE C.V. and SLABY ENVIRONMENTAL, INC., Mr. Slaby, & Ms. Slaby

Exhibit 1

**Deborah Fox Slaby**

_____  Dated: March ___, 2008
By:   Deborah Fox Slaby


INDUSTRIAL METAL, S.A. DE C.V.

_____  Dated: March ___, 2008
By:   René Merienné
Title: Administrador Único (President)

Exhibit 1